# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

CLINTON STRANGE,

Plaintiff

v.

FILED BY __rDC__ D.C.

JUN 07 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

CASE No. 9:18-CV-81382

Honorable Senior Judge James I. Cohn

**FIRST AMENDED COMPLAINT**

BROADLEAF MARKETING & SEO, LLC;

a Florida Limited Liability Company

Defendant

**CIVIL ACTION:**

FOR WILLFUL AND INTENTIONAL VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## PRELIMINARY STATEMENT:

This is an action brought in good faith by an adult individual who is a natural person against BROADLEAF MARKETING & SEO, LLC and their hired agents who on information and belief have violated Plaintiff's privacy rights under the 4th Amendment to the U.S. Constitution and further have also to Plaintiff's information and beliefs violated Federal Laws specifically:

47 U.S. Code § 227(c)(5);

&

47 U.S. Code § 227(b)(1)(a)(iii)

The Defendant as alleged has been calling Plaintiff on his wireless cellphone number 318-423-5057 to offer to Plaintiff unwanted solicitations of "GOOGLE business listings", or alternatively "Google Search Engine Optimization Services" utilizing an Automated Telephone Dialing System, and or a Pre-recorded voice in the majority of their telephonic 'campaign' attempts to solicit the Plaintiff herein. Plaintiff has repeatedly told agents for the Defendant that he is not interested, and the Defendant herein has continued to call Plaintiff on his wireless cellphone number 318-423-5057, which is registered on the Federal Do-Not-Cal Registry, in violations of the parts foregoing and the Telemarketing Sales Rule regulated by the U.S. Federal Trade Commission.

## JURISDICTION & VENUE

**Jurisdiction** lies properly in this U.S. District Court because the laws Plaintiff alleges were violated involve Federal Question jurisdiction:

47 U.S. Code § 227(g)(2)

&

28 U.S. Code § 1331

**Venue** is proper in this District under:

47 U.S. Code § 227(g)(4)

&

28 U.S. Code § 1391

## PARTIES:

**Plaintiff** Clinton Strange is an adult individual residing at the address of:

Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033

**Defendant** BROADLEAF MARKETING & SEO, LLC ("BMS") is a telemarketer peddling 'Google Business Listings' and search engine optimization services ("SEO") to small business owners nationwide.

**Factual Allegations:**

1. Plaintiff Clinton Strange's wireless cellphone number has been registered on the Federal Do-Not-Call listing since 01/03/2018.

2. Plaintiff has repeatedly asked the Defendant not to call him and contends that he verbally expressed that request to agents of the Defendant a reasonable number of times.

3. Defendant was at all times pertinent hereto unwilling to provide him with an address in which to make a formal 'written request to be placed on the company's internal do-not-call-listing', but the company's agents and or employees were indifferent to Plaintiff's requests, or otherwise intentionally and willfully obstructed Plaintiff's requests to be placed on the company's Do-Not-Call listing in violation of the Telemarketing Sales Rule as regulated by the FTC. They also misidentified the calling entity as "DL Marketing" instead of Broadleaf Marketing & SEO, LLC.

4. Plaintiff alleges he has been called a number of times to his knowledge by the same entity (that he can document) with a majority of those calls violating the Telephone Consumer Protection Act of 1991 "TCPA" and also

the Truth in Caller ID Act of 2009 "TICIA" together along with violations of State laws governing the Tort of conversion of Plaintiff's Chattel (i.e. his cellphone).

5. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a conversion Tort under Louisiana State Laws), and require him to use a measurable amount of mental and physical energy to receive the calls and or review the contents of voicemails. Plaintiff alleges that [he] has Article III standing as a result of Defendant's alleged conduct.

6. The calls that Plaintiff alleges were made to him on his cellphone number 318-423-5057 by Defendant's agents and or employees who stated that they were agents of Google or alternatively were calling in reference to a Google listing are as follows:

   A. June 27, 2018 at 2:38pm CDT from 321-209-8431 utilizing an ATDS and a pre-recorded voice with a duration of 13min 15sec.

    B. June 27, 2018 at 2:53pm CDT from 727-900-0144 which was an Autodialed call that after a few seconds of clicking sounds followed by dead air was connected to a live agent with a duration of 32 seconds.

    C. June 27, 2018 at 2:55pm CDT from 727-900-0144 which was duration of an Autodialed call that after a few seconds of clicking sounds followed by dead air was connected to a live agent with a duration of 25 seconds.

    D. June 28, 2018 at 9:28am CDT from 561-510-8852 which was a live agent call with a duration of 17min 11sec.

    E. 08/08/2018 at 9:39am CDT from 318-666-0660 utilizing an ATDS and a pre-recorded voice with a duration of 3min 49sec.

7. Plaintiff has been receiving other phone calls using the same *modus operandi* as the Defendant herein, but absent proper discovery cannot be certain that they were made by the same entity, but alleges that they also were "peddling Google Business Listings, utilizing an ATDS and or pre-recorded voice, and also would not divulge an address where Plaintiff could mail a written request for the entity to stop calling". Those calls are listed as follows:

    A. 10/13/2017 at 12:52pm CDT from 337-509-1196 utilizing an ATDS and a pre-recorded voice which went to voicemail.

    B. 02/26/2018 at 8:06am CDT from 337-509-1196 utilizing an ATDS and a pre-recorded voice with a duration of 3min 11sec.

    C. 03/14/2018 at 9:35am CDT from 318-217-3291 utilizing an ATDS and a pre-recorded voice with a duration of 3min 40sec.

    D. 08/07/2018 at 9:25am CDT from 318-217-1001 utilizing an ATDS and a pre-recorded voice which went to voicemail.

    E. 08/14/2018 at 2:38pm CDT from 318-217-1001 utilizing an ATDS and a pre-recorded voice with a duration of 2min 59sec.

8. Defendant does not exercise a reasonable duty of care in regard to following the foregoing laws and regulations regarding the Do-Not-Call provisions of the Telemarketing Sales Rules, The TCPA, or the Truth in Caller ID Act.

9. The majority of Defendant's alleged telephone calls utilized an ATDS and or prerecorded voice and were at times spoofed to appear as local incoming calls. The Plaintiff knows that the Defendant/s hired a third-party dialer agent that placed and continues to place thousands of illegal robocalls a day in order to lure small and medium sized business owners into mises, contracts and/or agreements via illegal robocalls. The Plaintiff knows that the calls were made using an ATDS because of the number of calls, the sounds that he would hear after a few seconds of dead-air before being connected to Defendants in-bound call center agents (in the cases where the

call was not abandoned or dropped due to the failure or unavailability of an agent)

10. On June 28, 2018 Louisiana Governor John Bell Edwards issued a Declaration of a State of Emergency Proclamation # 103 JBE 2018 signed and effective on that date.

Under Louisiana Revised Statute 45 §844.31 "CHAPTER 8-J. TELEPHONIC SOLICITATION PROHIBITED DURING STATE OF EMERGENCY"

, which states,

(A) During a state of emergency as declared by the governor, no telephonic solicitor shall engage in telephonic solicitation

And under Louisiana Revised Statute 45 §844.33. Violations; penalties

A. The commission shall investigate any complaint received concerning violations of this Chapter. If, after investigating such complaint, the commission finds there has been a violation of this Chapter, the commission, after notice and hearing, shall impose an administrative penalty against the telephonic solicitor not to exceed one thousand five hundred dollars for each violation.

11. The Defendant is required to follow the laws of a forum state in which telemarketing calls are directed at.

12. The Defendant should have and likely did know that this call (placed on June 28, 2018) was violative of Louisiana laws and would subject the Defendant to a $1500.00 penalty.

13. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Law and State Laws and the rights of the Plaintiff herein.

)

## Count 1:

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

### Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)

17. At all times pertinent hereto, Plaintiff was a "person" as that term is defined under:

### Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)

18. Pursuant to:

### Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(A)(iii)

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal Laws referenced herein.

19. Defendant is liable to the Plaintiff for the full amount of statutory damages, ($500-$1500 at the discretion of the court for each violation) along with the attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

### Count 2:

20. Plaintiff incorporates the foregoing paragraphs as though the same were set

forth at length herein.

21. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

**Telephone Consumer Protection Act 47 U.S.C. § 227(c)(5)**

22. At all times pertinent hereto, Plaintiff was a person as that term is defined under:

**Telephone Consumer Protection Act 47 U.S.C. § 227 (c)(5)**

23. Pursuant to:

**Telephone Consumer Protection Act 47 U.S.C. § 227(c)(5)**

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal Laws referenced herein.

24. Defendant is liable to the Plaintiff for the full amount of statutory damages, ($500-$1500 at the discretion of the court for each violation) along with the

attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

**JURY TRIAL DEMANDED**

**Plaintiff seeks trial by jury on all issues so triable.**

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Statutory Damages;

Stacked Damages;

Treble Damages;

Enjoinder from Further Violations of These Parts;

Costs and reasonable attorney's fees;

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

x _Clinton Strange_  5-28-2019

Clinton Strange
Pro-Se
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
47usc227etseq@gmail.com